Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Jason I. Bluver, State Bar No. 281784
jib@paynefears.com
Rana Ayazi, State Bar No. 329097
ra@paynefears.com
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile:  (949) 851-1212

Attorneys for Defendant WALMART INC. (formerly WAL-MART STORES, INC.)



PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA DIAZ, an individual,<br><br>Plaintiff<br><br>vs.<br><br>WAL-MART STORES, INC., a Corporation; and DOES 1-100,<br><br>Defendants | Case No. 5:21-cv-00408<br><br>[San Bernardino County Superior Court Case No. CIVSB2100542]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>Trial Date:          Not Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF NADIA DIAZ AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Walmart Inc. (formerly Walmart Stores, Inc.) (hereafter "Walmart") hereby removes this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California, on the following grounds:

PETITION AND NOTICE OF REMOVAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## I.    INTRODUCTION

1.    This Court has jurisdiction over this action because complete diversity exists between Plaintiff and Defendant Walmart.

2.    Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of her Complaint.

3.    Defendant Walmart is now, and was at the time this action was commenced, a citizen of the State of Arkansas and a citizen of the State of Delaware within the meaning of 28 U.S.C. § 1332. At all material times, Walmart was a corporation organized under the laws of the State of Delaware, and at all material times Walmart has maintained its principal place of business, including its corporate headquarters, in the State of Arkansas.

4.    Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

5.    Pursuant to 28 U.S.C. § 1446(b), this case is being removed within thirty (30) days of service of a document (the Summons and Complaint) upon Walmart in which diversity of citizenship is apparent.

## II.    THE STATE COURT ACTION

6.    On or about January 13, 2021, Plaintiff filed an action against Walmart titled "NADIA DIAZ, an individual, Plaintiff vs. WAL-MART STORES, INC., a corporation; and DOES 1-100, inclusive, Defendants," in the Superior Court of the State of California, County of San Bernardino, Case No. CIVSB2100542 (the "State Court Action"). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A.**

7.    On March 5, 2021, Walmart timely filed an Answer to the Complaint. A true and correct copy of Walmart's Answer is attached hereto as **Exhibit B.**

8.    The Summons, Complaint, Proof of Service, and Answer constitute the pleadings, process, and orders served upon or by Walmart in the State Court Action.

## III.    COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND WALMART

9.    The Complaint and all causes of action alleged therein may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states

and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

10.     Plaintiff is now, and was at the time this action commenced, a citizen of the State of California within the meaning of U.S.C. § 1332(a) -- her place of residence and domicile are, and were, located within the State of California. *See* Exhibit A at ¶ 1; *see also Kanter v. Warner-Lambert Co.,* 265 F.3d 853 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain to which she intends to return.").

11.     If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010).

12.     Walmart is now, and was at all material times, a corporation organized under the laws of the State of Delaware. Walmart is therefore a citizen of the State of Delaware.

13.     Walmart is now, and was at all material times, headquartered in Bentonville, Arkansas. Walmart's officers and directors are employees whose offices are located at Walmart's headquarters in Bentonville, Arkansas. Walmart's high-level officers direct, control, and coordinate the corporation's activities from Walmart's headquarters in Bentonville, Arkansas. And Walmart performs the vast majority of its executive and administrative functions at its headquarters in Bentonville, Arkansas. Walmart is therefore a citizen of the State of Arkansas, because its principal place of business is Bentonville, Arkansas. 28 U.S.C. § 1332(c); *Hertz Corp.,* 130 S.Ct. at 1192 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control and coordinate the corporation's activities").

14.     Therefore, for the purpose of determining jurisdiction, Walmart was not (and is not) a citizen of the State of California. Rather, it was (and is) a citizen of the States of Delaware and Arkansas.

15.     "Doe" Defendants fictitiously named, but not served, are not joined in this Petition and Notice of Removal and shall be disregarded for the purpose of determining removal jurisdiction. *See* 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists,

-3-

only the named defendants are considered. *Newcombe v. Adolf Coors Co.* 157 F. 3d 686, 690-691 (9th Cir. 1998).

16.     Accordingly, complete diversity exists between Plaintiff and Walmart.

## IV.     THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

17.     The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceeds $75,000").

18.     In her Complaint, Plaintiff alleges the following causes of action: (1) Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage in the Interactive Process; (4) Harassment on the Basis of Disability; (5) Retaliation in Violation of the Fair Employment and Housing Act (FEHA); and (6) Wrongful Termination in Violation of Public Policy.

19.     Walmart discusses below the allegations in Plaintiff's complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. Walmart denies that Plaintiff is entitled to any damages and denies that Plaintiff will be able to recover on any of her theories of recovery.

20.     In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgement type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("*Chavez*"); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL

### A.    The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if She Prevails

21.    In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant") (internal quotations omitted).

22.    Additionally, as the Ninth Circuit explained in *Chavez*, "the amount in controversy is not limited to damages incurred prior to removal--for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414-15.

23.    Here, Plaintiff seeks to recover compensatory damages, special damages, loss of past and future earnings, medical expenses, punitive damages, unpaid wages, waiting time penalties, attorneys' fees, and costs. (*See* Exhibit A, Prayer for Relief).

### B.    Lost Wages

24.    Plaintiff seeks damages associated with lost wages, lost benefits, and "all damages flowing therefrom." (Exhibit A, Prayer for Relief, ¶ 73). At the time of her separation (February 2020) Plaintiff's hourly rate was $12.90, and she was scheduled to work approximately 32-34 hours per week. (*See* Declaration of Alicia Torres, ¶¶ 2-3; Exhibit A, ¶ 15). Plaintiff was therefore scheduled to earn approximately $1,844.70 per month.[1]

---

[1] $12.90 x 33 (hrs per wk) x 52 (wks) / 12 months = $1,844.70.

PETITION AND NOTICE OF REMOVAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

25.    By the time this case is statistically likely to be resolved at trial (October 2022, or 21.2 months from the date of filing),[2] Plaintiff's lost wages alone will exceed $40,000.

**C.    Medical Expenses and Emotional Distress Damages**

26.    Plaintiff also seeks damages associated with "past and future medical expenses *and suffering*." (Exhibit A, Prayer for Relief, ¶ 74). Plaintiff further asserts, throughout her complaint, that she is entitled to "emotional distress" damages "to be ascertained according to proof." (*See* Exhibit A, ¶¶ 27, 38, 39, 45, 52, 61, 70).

27.    A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000:

- ***Juarez v. Autozone Stores, Inc.***, 2014 WL 7017660 (S.D. Cal.): pain and suffering award of $250,000 in discrimination case;

- ***Palma v. Rite Aid Corp.***, 2012 WL 3541952 (L.A. County Sup. Ct.): award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves in disability discrimination case; and

- ***Betson v. Rite Aid Corp.***, 2011 WL 3606913 (L.A. County Sup. Ct.): pain and suffering award of $500,000 to employee in disability harassment action.

28.    Plaintiff's allegations that she was discriminated against and wrongfully terminated because of her disability are similar to the issues in these cases. Its entirely conceivable that her emotional distress daamges will far exceed the requisite $75,000 amount in controvrsey.

**D.    Attorneys' Fees**

29.    Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff seeks attorneys' fees (Exhibit A, Prayer for Relief ¶ 81), which are authorized for the prevailing party pursuant to California Government

---

[2] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to trial is 21.2 months. (Declaration of Rana Ayazi, ¶ 2, Exh. A). Walmart requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

PETITION AND NOTICE OF REMOVAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Code § 12965(b).

30.     As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total possible* recovery, and not just fees incurred as of the time of removal. *Chavez supra* 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date--resolving a previously unresolved question.").

31.     Should Plaintiff prevail on one or more of her FEHA-based causes of action, it is likely that a potential attorneys' fees award would exceed the $75,000 jurisdictional minimum. This is particularly true because California courts routinely award substantial attorneys' fees to prevailing plaintiffs in disability discrimination lawsuits. *See e.g.*:

- ***Lave v. Charter Communications L.L.C.*** (Riverside County Superior Court Case No. RIC-15-08865, verdict date of May 19, 2017): $1,046,348. In *Lave,* the plaintiff took a day off for a pre-existing back condition and was counseled the following day for attendance. He alleged that when he notified his supervisor of his back injury and need for leave, his supervisor shook his head. The same supervisor suspended the plaintiff and terminated him a week later for acting inappropriately in front of a customer. The plaintiff sued his employer for disability discrimination, failure to prevent discrimination, and failure to accommodate. The jury found in favor of the plaintiff, and the Court awarded **$400,800** in attorneys' fees.

- ***Mayo v. Community Development Commission of the County of Los Angeles*** (Los Angeles Superior Court Case No. BC486184; verdict date of November 6, 2014): $1,377,112. The plaintiff in *Mayo* suffered from stress, insomnia, and headaches. Her doctor placed her on a medical leave of absence for one month. Upon her return, she was reprimanded for taking leave and terminated shortly thereafter. The plaintiff sued her employer, alleging that she was terminated because of her disability and need for a leave of absence. The jury found in favor of the plaintiff, and the Court awarded **$613,743.00** in attorneys' fees.

### E.      Punitive Damages

32.     Additionally, Plaintiff seeks to recover punitive damages against Walmart, a company of considerable size and resources, to "sufficiently punish, make an example of, and deter future conduct by Defendants." (Exhibit A, Prayer for Relief, ¶ 75). Although Walmart denies Plaintiff's allegations, requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (same).

33.     To establish the amount in controversy, particularly with respect to punitive damages, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

34.     Notably, the facts of "comparator cases" relied upon by a removing Defendant do not require identical facts and need not quantify an exact value of damages. *See Mejia v. Parker Hannifin Corp.*, 2018 WL 582325, at *3 (C.D. Cal. 2018) ("Overall, district courts appear to require only "analogous" or even "similar" examples, not identical cases."); *Castillo v. ABM Indus., Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. 2017) (same); *Castle v. Lab. Corp. of Am.*, 2017 WL 2111591, at *4 (C.D. Cal. 2017) (same).

35.     Therefore, here, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that she will seek, and a jury could award, in excess of $75,000 solely for punitive damages. *See e.g.*:

- ***Hill v. Asian American Drug Abuse Program, Inc.*** (Los Angeles County Superior

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Court Case No. BC582516; judgment date of January 16, 2018): jury award of **$2,668,700** in punitive damages alone in disability discrimination, failure to accommodate/engage in the interactive process, California Family Rights Act, and wrongful termination case.

- ***Navarro v. 4Earth Farms, Inc. et al***. (Los Angeles County Superior Court Case No. BC606666; judgment date of June 19, 2017): awarding **$100,000** in punitive damages in disability discrimination, harassment, and wrongful termination case.

- ***Tapia v. San Gabriel Transit Inc.*** (Los Angeles County Superior Court Case No. BC482433; judgment date of December 18, 2015): awarding **$400,000** in punitive damages in disability discrimination, failure to accommodate/engage in the interactive process, harassment, and wrongful termination case.

- ***Escoto v. Metric Machining, Inc.*** (San Bernardino County Superior Court Case No. CIVRS1206532; judgment date of November 14, 2013): awarding **$75,000** in punitive damages in disability discrimination, wrongful termination case.

36.    Accordingly, the Complaint contemplates an amount "at stake" in this litigation which far exceeds the $75,000 jurisdictional threshold.

## V.   <u>REMOVAL IS TIMELY</u>

37.    This Petition and Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) because this action is being removed thirty (30) days of service of a document (the Summons and Complaint) upon Walmart in which diversity of citizenship is apparent. (*See* Exhibit A).

## VI.  <u>CONCLUSION</u>

38.    For the reasons stated above, this Court has jurisdiction under 28 U.S.C. §§ 1332 and 1441.

39.    Accordingly, Walmart may remove the action to this Court pursuant to 28 U.S.C. § 1441. Walmart respectfully requests that this Court exercise its removal jurisdiction over this entire action under 28 U.S.C. §§ 1332 and 1441.

PETITION AND NOTICE OF REMOVAL

DATED:  March 5, 2021                    PAYNE & FEARS LLP


                                         By:    /s/  *Andrew K. Haeffele*
                                                ANDREW K. HAEFFELE

                                         Attorneys for Defendant WALMART INC.
                                         (formerly WAL-MART STORES, INC.)

4826-0936-4191.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-10-

PETITION AND NOTICE OF REMOVAL

## PROOF OF SERVICE

### *Nadia Diaz v. Wal-Mart Stores, Inc.*
### *United States District Court Case No.* 5:21-cv-00408

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On March 5, 2021, I served true copies of the following documents described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446** on the interested parties in this action as follows:

W. Zev Abramson, Esq.                          Attorneys for Plaintiff
Christina Bengakis, Esq.                         NADIA DIAZ
ABRAMSON LABOR GROUP
3580 Wilshire Blvd., Suite 1260
Los Angeles, CA 90010-2513
Tel: (213) 493-6300
Fax: (213) 382-4083
E-Mail:  wza@abramsonlabor.com
              christina@abramsonlabor.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address mam@paynefears.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[Federal]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 5, 2021, at Irvine, California.

/s/  *Terri M. Shaw*
Terri M. Shaw

4839-5822-9215.1

PROOF OF SERVICE

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100