# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
02/03/2021
CT Log Number 538994355

TO: Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

RE: **Process Served in California**

FOR: Wal-Mart Stores, Inc. (Former Name) (Domestic State: DE)
WALMART INC. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Diaz nadia, etc., Pltf. vs. Wal-Mart Stores, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate(s), Cover Sheet, Instructions, Notice, Statement |
| **COURT/AGENCY:** | San Bernardino County - Superior Court - San Bernardino, CA<br>Case # CIVSB2100542 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 02/16/2020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/03/2021 at 03:10 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Christina Begakis<br>Abramson Labor Group<br>3580 Wilshire Blvd, Suite 1260<br>Los Angeles, CA 90010<br>213-493-6300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/04/2021, Expected Purge Date: 02/09/2021<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service Of Process ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A, PAGE 11



## PROCESS SERVER DELIVERY DETAILS

**Date:**              Wed, Feb 3, 2021

**Server Name:**       Carlos Canas

Entity Served          WAL-MART STORES, INC.

Agent Name

Case Number            CIV SB 2100542

Jurisdiction           CA



2/3/21

1:48

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FILED ONLY
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 3 2021

BY
EDUARDO HERNANDEZ, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WAL-MART STORES Inc., a corporation, and DOES 1-100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
NADIA DIAZ, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY OF SAN BERNARDINO, 247 W. THIRD STREET, SAN BERNARDINO, CA 92415-0210 | CASE NUMBER: *(Número del Caso):* CIV SB 2 1 0 0 5 4 2 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ABRAMSON LABOR GROUP, CHRISTINA BEGAKIS 3580 WILSHIRE BLVD., STE 1260 LOS ANGELES, CA 90010 (213) 493-6300

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* JAN 1 3 2021 | Clerk, by *(Secretario)* EDUARDO HERNANDEZ | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WAL-MART STORES, INC.

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 2-3-21

| | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

EXHIBIT A, PAGE 13

2/12/2021                       Superior Court of California - County of San Bernardino

## View Document - CIVSB2100542 -

Pages: 15  |  Price Per Page: $0.50  |  Document Subtotal: $7.50



W. Zev Abramson, Esq. #289387
Christina Begakis, Esq. #316779
**ABRAMSON LABOR GROUP**
3580 Wilshire Blvd, Suite 1260
Los Angeles, California 90010
Tel:   (213) 493-6300
Fax:   (213) 382-4083

Attorneys for Plaintiff,
NADIA DIAZ

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 13 2021

BY _____
EDUARDO HERNANDEZ, DEPUTY

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| NADIA DIAZ, an individual, | Case No.: CIV SB 2100542 |
| Plaintiff | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:** |
| vs. | 1. Disability Discrimination |
| | 2. Failure to Accommodate |
| WAL-MART STORES, INC., a Corporation, and DOES 1-100, | 3. Failure to Engage in the Good Faith Interactive Process |
| | 4. Harassment on the Basis of Disability |
| Defendants | 5. Retaliation in Violation of the Fair Employment and Housing Act (FEHA) |
| | 6. Wrongful Termination in Violation of Public Policy |
| | Over $25,000 |

$435.00   SC-2021-04716 EH

PLAINTIFF complains and alleges as follows:

### GENERAL ALLEGATIONS

1.  Plaintiff NADIA DIAZ (hereinafter "Plaintiff") is a former non-exempt employee of Defendants and a resident of the State of California.

2.  At all times herein mentioned, Defendant, WAL-MART STORES INC, a Delaware corporation, is licensed and authorized to do business in California, and is based at 708 SW 8ᵗʰ St., Bentonville, AR 72716.

Complaint and Demand for Jury Trial

1

EXHIBIT A, PAGE 14

3. At all times herein mentioned, Plaintiff was employed at Defendant's Ontario, CA location located at 1333 North Mountain Ave. Ontario, CA 91762.

4. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiff sues them by these fictitious names. Plaintiff is informed and believes that each of the DOE Defendants resides in the State of California and is in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

5. Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining co-defendants, in doing the things hereinafter alleged, was acting within the course, scope and under the authority of his/her agency, employment, or representative capacity, with the consent of her/his co-defendants.

6. Plaintiff NADIA DIAZ began working for Defendants as a foodstuff picker on or about August 2, 2020.

7. Through the course of Plaintiff's employment at WAL-MART, Plaintiff suffered from diabetes, a disability which Plaintiff required reasonable accommodation on occasion. Plaintiff provided Defendant with notice of her disability from the start of her employment.

8. On or about September 28, 2019, Plaintiff's blood sugar dropped to dangerously low levels and required that Plaintiff leave work early to seek emergency treatment at the local Urgent Care.

9. Thereafter, when Plaintiff experienced low blood sugar levels, Plaintiff required reasonable accommodations such as taking a short five-minute break to manage her blood sugar levels or visit her doctor for dangerously low levels.

10. On or about December 10, 2019, Plaintiff was assigned to maneuver a heavy dolly up and down several ramps. Such a task caused Plaintiff's blood sugar levels to drop significantly, so Plaintiff requested a short five-minute break from her supervisor as an accommodation of

her disability. Plaintiff's supervisor was visibly annoyed with Plaintiff's request and allowed Plaintiff to take a break provided that she complete her assigned task within five minutes. During Plaintiff's requested five-minute break, Plaintiff's supervisor continued to call Plaintiff to request that she return to work.

11. The following day, on or about December 11, 2019, Plaintiff's co-workers began to confront Plaintiff about her accommodation requests and told Plaintiff she was "useless." Plaintiff's coworkers continued to mock Plaintiff's disability in the presence of managers, but the managers failed to step in.

12. That same day, Plaintiff's supervisor informed Plaintiff "[I]f your blood sugar drops again we will have to reposition you or fire you."

13. Following this threatening statement by her supervisor, Plaintiff sought to limit her low blood sugar episodes at work by visiting her doctor. Plaintiff's doctor informed Plaintiff that she would require doctor's visits bi-weekly to monitor and treat her disability. Plaintiff attempted to provide doctor's notes to Defendant regarding her request for accommodation for intermittent leave to see her doctor bi-weekly, but Defendant refused to accept Plaintiff's doctor's notes.

14. On or about February 13, 2020, Plaintiff experienced dangerously low blood sugar levels at work once again which required Plaintiff to leave work early. As a result of this event, Plaintiff's physician placed her off work through February 15, 2020. Once again, Plaintiff attempted to provide a doctor's note regarding her short disability related leave to Defendant, but Defendant refused to accept her doctor's note.

15. When Plaintiff attempted to return to work on or about February 16, 2020, Defendant informed Plaintiff that she had been terminated "due to absences."

16. Plaintiff is informed and believes that she was wrongfully terminated due to her disability, use of sick leave, and requests for accommodation of her disability.

17. As a result of being subjected to the conduct of Defendants including, but not limited to, harassment, discrimination, wrongful termination, and retaliation by Defendants, Plaintiff suffered emotional and mental injuries.  Further, as a result of all of the foregoing and

EXHIBIT A, PAGE 16

1    following actions taken towards Plaintiff as alleged herein, Plaintiff has incurred medical

2    expenses, loss of earnings, benefits, and bonuses in an amount not yet ascertained but subject

3    to proof at trial.

4  18. All of the foregoing and following actions taken towards Plaintiff as alleged herein were

5    carried out by Defendants in a deliberate, cold, callous, malicious, oppressive, and intentional

6    manner in order to injure and damage Plaintiff.

7  19. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and

8    continues to suffer from losses of earnings and otherwise in amounts as yet unascertained but

9    subject to proof at trial.

10               <u>First Cause of Action</u>

11             **DISABILITY DISCRIMINATION**

12  20. Plaintiff re-alleges the information set forth in paragraphs 1-19 as though fully set forth and

13    alleged herein.

14  21. This cause of action is based upon *Government Code* section 12926(m), which defines

15    physical disability as having any physiological disease, disorder, condition, cosmetic

16    disfigurement, or anatomical loss that affects one or more of the following body systems:

17    neurological, immunological, musculoskeletal, special sense organs, respiratory, including

18    speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic,

19    skin and endocrine, and the disability limits an individual's ability to participate in major life

20    activities.  This cause of action is also based upon *Government Code* section 12940 for

21    discriminating against Plaintiff on the basis of physical disability.

22  22. Plaintiff's disability (actual and/or perceived) constituted of disabilities as defined above in

23    *Government Code* §12926(m).

24  23. Plaintiff has exhausted her administrative remedies under the California Fair Employment

25    and Housing Act by filing charges that defendants violated the California Fair Employment

26    and Housing Act and was issued the Notice of Case Closure/Right-to-Sue Letter granting

27    Plaintiff the right to bring suit against Defendants.

28  24. Defendants were aware that plaintiff was disabled or at least perceived that she was disabled.

25. Reasonable accommodations could have been made for plaintiff's disabilities, such as allowing Plaintiff to take short rest breaks when she experienced low blood sugar levels and/or allowing Plaintiff to take intermittent medical leave.

26. Defendants discriminated against plaintiff in violation of the *Government Code* sections set forth herein by terminating plaintiff's employment because of her disabilities (actual and/or perceived) and requests for disability accommodation.

27. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to her damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

28. The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said defendants engaged in those acts as described in this cause of action entitle plaintiff to punitive damages against said defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said defendants, deter them from engaging in such conduct again, and to make an example of them to others.

29. Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said defendants was ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by defendants and done with a conscious disregard for plaintiff's rights and with the intent, design and purpose of injuring plaintiff. By reason thereof, plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

30. Plaintiff also prays for reasonable costs and attorney fees against said defendants, as allowed by California Government Code §12965 and any other applicable statutes for plaintiff's prosecution of this action in reference to the time plaintiff's attorney spends pursuing this cause of action as well as any other applicable statutes.

<u>Second Cause of Action</u>

**FAILURE TO ACCOMMODATE**

31. Plaintiff re-alleges the information set forth in paragraphs 1-30 though fully set forth and alleged herein.

32. This cause of action is based upon <u>Government Code</u> section 12926(m), which defines physical disability as having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine, and the disability limits an individual's ability to participate in major like activities.  Moreover, this cause of action is also based upon <u>Government Code</u> section 12940 for discriminating against plaintiff on the basis of his physical or mental disability and for failing to provide reasonable accommodation of plaintiff's physical or mental disability. This cause of action is also based upon <u>Government Code</u> section 12940 for discriminating against plaintiff on the basis of her disabilities and for failing to provide reasonable accommodation of plaintiff's disabilities.

33. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act by filing charges that defendants discriminated against her and her employment and violated the California Fair Employment and Housing Act and has received a Right to Sue Letter.

34. Plaintiff's disability (actual and/or perceived) constituted a disability as defined above in *Government Code* §12926(m).

35. Plaintiff is informed and believes and on that basis alleges that defendants were aware of plaintiff's disability (actual and/or perceived) as described above.

36. Reasonable accommodations could have been made for plaintiff's disabilities, such as allowing Plaintiff to take short rest breaks when she experienced low blood sugar levels and/or allowing Plaintiff to take intermittent medical leave.

37. Defendants failed to reasonably accommodate plaintiff's disability by interrupting Plaintiff during her rest breaks and issuing "absence points" for Plaintiff's disability-related absences.

38. As a result of being subjected to defendants' failure to accommodate, discrimination and termination of employment, plaintiff suffered emotional distress. Further, as a result of all of the foregoing and following actions taken towards plaintiff as alleged herein, plaintiff has incurred loss of earnings and benefits in an amount not yet ascertained.

39. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to her damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

40. The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said defendants engaged in those acts as described in this cause of action entitle plaintiff to punitive damages against said defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said defendants, deter them from engaging in such conduct again, and to make an example of them to others. Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said defendants was ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by defendants and done with a conscious disregard for plaintiff's rights and with the intent, design and purpose of injuring plaintiff. By reason thereof, plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

41. Plaintiff also prays for reasonable costs and attorney fees against said defendants, as allowed by California Government Code §12965 and any other applicable statutes for plaintiff's prosecution of this action in reference to the time plaintiff's attorney spends pursuing this cause of action as well as any other applicable statutes.

<u>Third Cause of Action</u>

**FAILURE TO ENGAGE IN THE GOOD FAITH INTERACTIVE PROCESS**

42. Plaintiff re-alleges the information set forth in paragraphs 1-41 as though fully set forth at length.

43. As alleged herein and in violation of California Government Code section 12940(n), Defendants violated the California Fair Employment and Housing Act by, among other things, refusing and/or failing to engage in a timely, good faith, interactive process with Plaintiff regarding her disabilities, refusing to accept Plaintiff's doctor's notes and issuing "absence points" rather than accommodate Plaintiff's disability-related absences.

44. As a direct and proximate result of Defendant's willful, knowing, and intentional failure to engage in the interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

45. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to her damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

46. The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said defendants engaged in those acts as described in this cause of action entitle plaintiff to punitive damages against said defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said defendants, deter them from engaging in such conduct again, and to make an example of them to others. Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said defendants was ratified by those other individuals who were managing agents of said Defendants. These unlawful acts were further ratified by defendants and done with a conscious disregard for plaintiff's rights and with the intent, design and

EXHIBIT A, PAGE 21

purpose of injuring plaintiff.  By reason thereof, plaintiff is entitled to punitive or exemplary

damages in this cause of action in a sum to be determined at the time of trial.

#### Fourth Cause of Action

**HARASSMENT ON THE BASIS OF DISABILITY**

47. Plaintiff re-alleges the information set forth in Paragraphs 1-46 and incorporates these

paragraphs into this cause of action as if they were fully alleged herein.

48. This cause of action is based upon California statutes prohibiting harassment in the

workplace including, but not limited to California Government Code §12940, et seq.

49. Plaintiff has exhausted her administrative remedies under the California Fair Employment

and Housing Act and was issued a Notice of Case Closure - Right to Sue against defendants.

50. Plaintiff is informed, believes, and alleges that at all times Plaintiff was employed by

Defendants, all named Defendants, and each of them, did affirmative acts as described in the

general allegations herein that constituted disability harassment, both creating a hostile work

environment and constituting disability harassment.  Defendants knowingly and intentionally

engaged in said unwelcome discriminatory and harassing conduct towards Plaintiff.

51. Specifically, Plaintiff's coworkers mocked Plaintiff's disability and her need for

accommodation of disability. Such statements were made in the presence of managers, yet

Defendant failed to prevent the ongoing harassment. Moreover, Plaintiff's manager

threatened to terminate Plaintiff's employment specifically due to her disability and requests

for accommodation.

52. As a direct, foreseeable, and proximate result of the conduct of all Defendants named in this

cause of action, and each of them, Plaintiff has suffered, and continues to suffer emotional

distress, medical expenses, substantial losses in salary, bonuses, job benefits, and other

employment benefits which she would have received from the corporate Defendant, plus

expenses incurred in obtaining substitute employment and not being regularly employed all

to her damage in a sum within the jurisdiction of this court, to be ascertain according to

proof.

53. The grossly reckless, and/or intentional, malicious, and bad faith manner in which all named Defendants, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and retaliating against Plaintiff for refusing to comply with their willful violations of the above referenced statutes and discriminating against Plaintiff in violation of the law, Plaintiff is entitled to punitive damages against said Defendants, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

54. Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants described above were done with oppression and malice by Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said Defendant employers. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants, and each of them, for their acts as described in this cause of action in a sum to be determined at the time of trial.

55. Plaintiff also prays for reasonable costs and attorney fees, as allowed by FEHA for Plaintiff's prosecution of this action in reference to the FEHA code violations described in this cause of action.

<u>Fifth Cause of Action</u>

**RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

56. Plaintiff re-alleges the information set forth in paragraphs 1-55 though fully set forth and alleged herein.

57. This cause of action is based upon *California Government Code Section 12940, et seq.* which prohibits employers from retaliating against employees who request an accommodation of disability.

Complaint and Demand for Jury Trial

10

58. Defendants violated *California Government Code Section 12940, et seq.* by doing the aforementioned acts all because of plaintiff's requests for disability accommodation including, but not limited to terminating Plaintiff's employment.

59. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act by filing charges that defendants discriminated and retaliated against her and her employment and violated the California Fair Employment and Housing Act and has received a Right to Sue Letter.

60. As a direct and proximate result of Defendant's willful, knowing, and intentional, failure to engage in the interactive process, and retaliation, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

61. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to her damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

62. The grossly reckless, careless, negligent, oppressive and/or intentional, malicious, and bad faith manner in which said defendants engaged in those acts as described in this cause of action entitle plaintiff to punitive damages against said defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said defendants, deter them from engaging in such conduct again, and to make an example of them to others.  Plaintiff is informed and believes and based thereon alleges that the punitive conduct of said defendants was ratified by those other individuals who were managing agents of said Defendants.  These unlawful acts were further ratified by Defendants and done with a conscious disregard for plaintiff's rights and with the intent, design and purpose of injuring plaintiff.  By reason thereof, plaintiff is entitled to punitive or exemplary damages in this cause of action in a sum to be determined at the time of trial.

63. Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and with a reckless and conscious disregard of Plaintiffs' rights. All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by the Defendants, and each of them. Plaintiff is thus entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants.

<u>Sixth Cause of Action</u>

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

64. Plaintiff re-alleges the information set forth in paragraphs 1-63 though fully set forth and alleged herein.

65. Prior to filing suit in this action, Plaintiff was issued a "Right to Sue Notice" by the California Department of Fair Employment and Housing (DFEH). Plaintiff has complied will all administrative prerequisites to suit and thus has exhausted all of her administrative remedies.

66. Plaintiff's employment was wrongfully terminated, in violation of substantial and fundamental public policies of the State of California that inures to the benefit of the public, with respect to retaliation, tortious discharge, and adverse employment actions taken against Plaintiff due to her disability (real or perceived), and requests for accommodation of her disability, all in violation of various state statutes including but not limited to violations of California's Constitution, the FEHA, and Government Code Section 12940, et seq.

67. As a result of their employment relationship, Defendant was obligated to restrain from discharging Plaintiff for reasons which violate or circumvent said policy, law, or the objectives that underlie each and not to compound their illegal conduct by retaliating against Plaintiff.

68. Defendant's acts in retaliating against Plaintiff for her disability (real or perceived) and requests for accommodation of her disability, were wanton, willful, intentional, malicious, and showed a reckless disregard for the rights of Plaintiff.

69. As a direct and proximate result of Defendant's willful, knowing, and intentional failure to engage in the interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

70. As a direct, foreseeable, and proximate result of the conduct of Defendants, Plaintiff has suffered, and continues to suffer emotional distress, losses in salary, bonuses, job benefits, and other employment benefits which she would have received from Defendants, plus expenses incurred in obtaining substitute employment and not being regularly employed all to her damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

71. The damages herein exceed $25,000.00 and Plaintiff requests a jury trial.

**WHEREFORE, Plaintiff prays for the following relief:**

72. For compensatory damages which resulted from Defendants' conduct as alleged herein;

73. For special damages in an amount according to proof for Plaintiff's loss of past and future earnings, loss of benefits, loss of bonuses, expenses to obtain new employment, loss of job security and all damages flowing therefrom;

74. For all general and special damages to compensate Plaintiff for any past and future medical expenses and suffering and related damages;

75. For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;

76. For all unpaid wages due to Plaintiff;

77. For restitution of all monies due to Plaintiffs and disgorgement of profits from the unlawful business practices of Defendants;

78. For waiting time penalties pursuant to Labor Code §203;

79. For all penalties under all relevant statutes;

1    80. For all interest as allowed by law;

2    81. For attorney's fees and costs; and

3    82. For such other and further relief as the Court deems just and proper.

4

5

6        DATED: January 4, 2021                    **ABRAMSON LABOR GROUP**

7

8

9

10                                       By:_

11                                            Christina Begakis, Esq.
                                              Attorneys for Plaintiff,
12                                            NADIA DIAZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint and Demand for Jury Trial

14

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIV SB 2 1 0 0 5 ?

NADIA DIAZ
_____

vs.

Case No.: _____

**CERTIFICATE OF ASSIGNMENT**

WAL-MART STORES INC. ET AL.
_____

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
SAN BERNARDINO         District of the Superior Court under Rule131 and General Order
of this court for the checked reason:

☒ General          ☐ Collection
  **Nature of Action**   **Ground**

| | | |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other EMPLOYMENT | Location where cause of action arose |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Plaintiff's Place of Employment                    1333 North Mountain Ave
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR        ADDRESS

Ontario                                CA              91762
CITY                                   STATE           ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was
executed on January 12, 2021        at Los Angeles                              ,
California.

_____
Signature of Attorney/Party

Form # 13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2016

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
ABRAMSON LABOR GROUP
CHRISTINA BEGAKIS SBN: 316779, W. ZEV ABRAMSON SBN: 289387
3580 WILSHIRE BLVD., STE 160 LOS ANGELES, CA 90010

TELEPHONE NO.: (213)493-6300   FAX NO. *(Optional)*: (213)382-4083
ATTORNEY FOR *(Name)*: NADIA DIAZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 WEST THIRD STREET
MAILING ADDRESS: 247 WEST THIRD STREET
CITY AND ZIP CODE: SAN BERNARDINO 92415-0210
BRANCH NAME: SAN BERNARDINO JUSTICE CENTER

CASE NAME:
NADIA DIAZ V. WAL-MART STORES INC, et al.

**FOR COURT USE ONLY**

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 8 2021

BY _____
EDUARDO HERNANDEZ, DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV SB 2 1 0 0 5 2 2 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*: 6
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 01/11/2021
W. ZEV ABRAMSON, ESQ.
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition



### SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Diaz -v- Wal-mart Stores, INC et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2100542 |

ABRAMSON LABOR GROUP
3580 WILSHIRE BLVD
STE 1260
LOS ANGELES CA 90010

This case has been assigned to: Lynn Poncin in Department S28 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 07/27/2021  at 9:00 AM in Department S28 - SBJC

Date: 1/28/2021                                    Nancy CS Eberhardt, Court Executive Officer

By: _____
Eduardo Hernandez, Deputy Clerk

---

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 1/28/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 1/28/2021 at San Bernardino, CA.

By: _____
Eduardo Hernandez, Deputy Clerk

EXHIBIT A, PAGE 31

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

| TELEPHONE NO.: | TRIAL SETTING CONFERENCE DATE: _____ | |
| E-MAIL ADDRESS: | UNLIMITED CASE: ____ | |
| ATTORNEY FOR (Name): | LIMITED CASE: ____ | |
| FAX NO. (Optional): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

**COURTHOUSE ADDRESS:**

**PLAINTIFF:**

**DEFENDANT:**

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case in Complaint:**

5. **Description of case in Cross-Complaint:**

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: ____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____                    _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____                    _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

Form # 13-09001-360            **INITIAL TRIAL SETTING CONFERENCE STATEMENT**
Mandatory Form